IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| SALLY BENEDICT, Individually and on behalf of JANE DOE, a Minor, <br><br> Plaintiffs, <br><br> vs. <br><br> ANSLEY PUBLIC SCHOOLS; DAVE MROCZEK, Superintendent and Title IX Coordinator, in his Official and Individual Capacity; LANCE BRISOL, Principal, in his Official and Individual Capacity; and ANSLEY PUBLIC SCHOOLS BOARD OF EDUCATION, <br><br> Defendants. | Case No.: ___:19-cv-_____ <br><br><br><br> **COMPLAINT AND JURY DEMAND** |

COMES NOW the Plaintiff, Sally Benedict, Individually and on behalf of Jane Doe, by and through her counsel of record, Tony Brock and Brock Law Offices, and for her causes of action against the Defendants, states and alleges as follows:

**PARTIES**

1. Plaintiff, Sally Benedict, is the natural parent and legal guardian of "Jane Doe," a minor, and is her guardian for the purposes of prosecuting the claims alleged herein. Plaintiff, as the natural parent and guardian of Jane Doe, is legally responsible for the care and treatment of said Minor. Plaintiff is entitled to recovery, on her own behalf, for all past and future care and treatment of Jane Doe.

2. At all times relevant hereto, Plaintiffs resided in Ansley, Nebraska.

3. At all times relevant hereto, Plaintiff Jane Doe, a female, attended Ansley Public Schools.

4. Defendant Ansley Public Schools (also known as Ansley Public School District), is a political subdivision of the State of Nebraska, and is located in Ansley, Nebraska.

5. At all times relevant hereto, Defendant Dave Mroczek, was the Superintendent and Title IX Coordinator of Ansley Public Schools, and a resident of Ansley, Nebraska. At all times relevant hereto, and in relation to the allegations stated herein, Mr. Mroczek was acting or failing to act within the scope, course and authority of his employment with Ansley Public Schools. Mr. Mroczek currently resides in Minden, Nebraska.

6. At all times relevant hereto, Defendant Lance Bristol, was the Principal of Ansley Public Schools, and a resident of Ansley, Nebraska. At all times relevant hereto, and in relation to the allegations stated herein, Mr. Bristol was acting or failing to act within the scope, course and authority of his employment with Ansley Public Schools. Mr. Bristol currently resides in Ansley, Nebraska.

7. At all times relevant hereto, members of the Ansley Public Schools Board of Education were acting or failing to act within the scope, course and authority of their positions on the Board on behalf of Ansley Public Schools.

8. At all times relevant hereto, Plaintiff's attacker, minor John Doe, was a male student attending Ansley Public Schools.

**JURISDICTION AND VENUE**

9. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1343 and 1367 because Plaintiff Jane Doe asserts claims under 20 U.S.C. § 1681, *et seq.*, and 42 U.S.C. § 1983, and her state law claims arise out of the same common nucleus of operative fact and form a part of the same case or controversy as the federal claims.

10. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as all defendants reside or resided in this district, and the events or omissions giving rise to the claims occurred in this district.

**GENERAL ALLEGATIONS**

11. Plaintiff hereby incorporates the preceding paragraphs of the Complaint as if fully set forth herein.

12. Upon information and belief, at all times relevant hereto, Ansley Public Schools was receiving federal funding, as contemplated by Title IX, 20 U.S.C. § 1681, *et seq.*

13. At all times relevant hereto, Plaintiff Jane Doe was and is a participant in the SRS Nebraska Special Education Individual Education Program (IEP), as she meets the Nebraska Department of Education verification criteria to receive special education services as a student with an intellectual disability and a secondary disability. Jane Doe's disability rendered her especially susceptible to predatory acts of other students, and this fact was fully known to the Ansley Public School District, its administrators, officers and employees.

14. At all times relevant hereto, Jane Doe was on the Ansley Public High School's cheerleading squad.

15. On or about December 9, 2017, a male student "John Doe" intentionally, willfully and maliciously sexually assaulted and forcibly raped Plaintiff Jane Doe, during a high school basketball game, within an unoccupied restroom on the second floor in the "Elementary Hall." John Doe threated to kill Jane Doe if she reported these unlawful acts to anyone.

16. Shortly after this sexual assault, Jane Doe informed her cheerleading coach of the sexual assault, and the coach contacted Jane Doe's mother and Mr. Mroczek. Mr. Mroczek contacted law enforcement regarding the assault.

17. Law enforcement officials arrived at the school later that evening and spoke with Plaintiff and Jane Doe. Law enforcement contacted the Family Advocacy Network (F.A.N.) to set up an interview and physical exam of Jane Doe.

18. A criminal investigation ensued, and a juvenile action was eventually brought with respect to John Doe, and John Doe was removed from Ansley Public Schools. John Doe was adjudicated as a child, pursuant to Neb. Rev. Stat. § 43-247(3)(b), for his involvement in the December 9, 2017, attack on Jane Doe.

19. At the time of the attack that gave rise to the events complained of herein, Plaintiff Jane Doe was a 15-year-old student at Ansley Public Schools.

20. At the time of the attack that gave rise to this action, John Doe was a 14-year-old student at Ansley Public Schools.

21. John Doe has an extensive history of violent, disruptive and aggressive behavior since he was a very young child; a history of which Defendants were well aware prior to him attending Ansley Public Schools.

22. Due to John Doe's vast history of violent and aggressive behavioral issues, during school hours, Ansley Public Schools required John Doe to have constant supervision from the time he entered the school in the morning until the time he left in the afternoon. He was never allowed to be unsupervised during school hours, and restrooms had to be cleared before John Doe was permitted to use the restrooms. These measures were reportedly taken to protect other students from John Doe.

23. Upon information and belief, Ansley Public Schools did not have a plan in place to protect students participating in school events from John Doe, during the school events.

24. Less than one year prior to the incident in question in this case, John Doe threatened to violently rape another female student on school grounds, and to rape one of his pregnant teachers. These threats were reported to school administrators including Mr. Mroczek and Mr. Bristol, as well as members of the Ansley Board of Education.

25. Students reported to Defendants that John Doe would often talk with classmates about his history of violence and his fantasies of kidnapping, imprisoning and having sex and making pornographic videos of his rape of classmates. This information was reported to school administrators.

26. John Doe caused multiple and continuous disruptions and tension in the classroom, and said disruptions were verbally reported to Mr. Mroczek and Mr. Bristol on multiple occasions.

27. No disciplinary action was taken against John Doe for the violent threats made by John Doe or the ongoing disruptive and inappropriate behaviors. Yet, outrageously inadequate action was taken by Defendants to protect students from this dangerous John Doe.

28. Defendants are responsible for not only educating its students, but also caring for them and their safety.

29. Ansley Public Schools has a special relationship with these students which requires it to protect them from foreseeable harm.

30. Ansley Public Schools has a legal duty to take reasonable steps to protect its students, including Jane Doe, from known or foreseeable sexual abuse, harassment and assault.

31. Ansley Public Schools has adopted policies regarding its handling of information or reports regarding potential sexual harassment or abuse. These policies include specific, mandatory actions and procedures that must be taken when provided with information is learned

about potential sexual harassment or abuse by a student. The purpose of these policies is to help protect students from the harms arising from sexual harassment or abuse.

32. Despite Ansley Public School's receipt of complaints and other information regarding sexual harassment or abuse by John Doe, it failed to follow the policies regarding sexual abuse or harassment by a student. This failure resulted in Jane Doe suffering sexual harassment and abuse by John Doe, that otherwise would have been prevented.

33. Specifically, Defendants failed to investigate complaints brought to administrators by teachers and students regarding threats made by John Doe to rape and kill certain students, and threats to rape a pregnant teacher.

34. Contrary to Ansley Public School's affirmative duties to protect Jane Doe from known or foreseeable sexual harassment or abuse by John Doe, Defendants failed to take actions required by its policies. Those failures resulted in the violent rape of Jane Doe by John Doe that otherwise would have been prevented.

35. Defendants are responsible for ensuring that all its employees are properly trained and supervised to perform their duties. Defendants are responsible for the acts and omissions of its employees.

36. The violent assault of Jane Doe has resulted in significant physical, mental and emotional health injuries, including, but not limited to, anxiety, fear, hopelessness, and other trauma.

37. Jane Doe has also suffered deficiencies in normal personal and social development as a result of the sexual assault, as she has become withdrawn from her family at times and has developed a distrust of males.

38. Jane Doe continues to suffer from post-traumatic stress disorder due to the sexual assault.

39. Defendants' conduct was outrageous or egregious such as to indicate malicious, intentional, or reckless disregard to Jane Doe's protected rights.

40. As a direct and proximate result of Defendants' wrongful conduct, Jane Doe's bodily integrity was violated, she experienced physical pain and mental suffering in the past and she will more likely than not experience pain and mental suffering in the future. She has experienced extreme emotional distress in the past and she will likely experience extreme emotional distress in the future.

41. Plaintiffs have been required to retain the services of undersigned counsel to prosecute this action and are entitled to reasonable attorneys' fees and costs associated with the filing of this action.

42. In compliance with the Political Subdivisions Tort Claims Act, should it apply to this action, a claim for injury or damage was filed by the Plaintiff with the Defendants, on or about December 9, 2018. More than six months have passed since Jane Doe submitted her written notice of claim. Accordingly, Jane Doe has withdrawn her claim under the Act in order to proceed with her claims in this litigation. Plaintiff has, in all respects, complied with the Political Subdivisions Tort Claims Act, Neb. Rev. Stat. § 13-901, *et seq*.

## PLAINTIFFS' CLAIMS

### COUNT I
### VIOLATION OF TITLE IX
### (20 U.S.C. § 1681, et seq.)
### (Ansley Public Schools)

43. Plaintiffs hereby incorporate the preceding paragraphs of the Complaint as if fully set forth herein.

44. Upon information and belief, Defendant Ansley Public Schools is a federal education funding recipient.

45. By way of the sexual assault, Jane Doe, suffered sexual harassment, abuse, and discrimination, so severe, pervasive, and objectively offensive that it deprived her of access to the educational opportunities and/or benefits provided by Ansley Public Schools.

46. Defendant Ansley Public Schools created and/or subjected Jane Doe to a hostile educational environment in violation of Title IX of the Education Amendments of 1972, 20 U.S.C. § 1681 ("Title IX"), because:

    a. Jane Doe was a member of a protected class;

    b. Jane Doe was subjected to sexual harassment in the form of a sexual assault by another student;

    c. Jane Doe was subjected to harassment based on her sex; and

    d. Jane Doe was subjected to a hostile educational environment created by Ansley Public School's lack of policies and procedure in some respects, and its failure to properly investigate and/or address known instances of previous sexual harassment and threats of sexual assault by John Doe against female students and teachers.

47. The aforementioned harassment, abuse, and discrimination took place on the school grounds of Ansley Public Schools during a school sporting event in which Jane Doe was a member of the Ansley Public High School's cheer squad. The Ansley Public School District had complete control or should have had complete control over its facilities, Jane Doe, John Doe, and other students.

48. Defendants had actual knowledge of John Doe's extensive history of violent behavior and threats of violence including threats of raping female students, and sexual

harassment, and Defendants had the authority and obligation to investigate, address and discipline John Doe's conduct in a timely manner and consistent with its own policies and federal and state laws. Defendants also had a duty to protect Jane Doe from and against the wrongful actions of John Doe.

49. Defendants' deliberate indifference to the ongoing and continued sexual harassment and threats of sexual assault and discrimination by John Doe caused Jane Doe to be subjected to sexual assault and harassment and discrimination, and made her more vulnerable to such conduct.

50. Defendants' failure to promptly and appropriately respond to the threats of sexual assault and repeated instances of sexual harassment, resulted in Jane Doe, on the basis of her sex, being excluded from participation in, and being denied the benefits of and being subjected to illegal discrimination in the School's education programs, in violation of Title IX.

51. As a result of the sexual assault, harassment and discrimination suffered by Jane Doe due to the deliberate indifference, Defendants are liable for damages under Title IX, including punitive damages.

52. As a direct and proximate result of the Defendants' conduct, their intentional, reckless and negligent failure to take action to remedy and to protect Jane Doe from the unlawful sexual harassment and abuse, and their failure to provide Jane Doe with a safe education in a suitable environment, Jane Doe suffered severe and extreme mental and emotional suffering, including, but not limited to, and inability to concentrate, depression, debilitating fear, despair, humiliation and anxiety. Jane Doe also suffered physical pain and bodily injury due to the violent assault. She further suffered disruption of sleep and ongoing nightmares.

53. As a further direct and proximate result of the wrongful acts of the Defendants and each of them, Jane Doe has been required to seek psychological care and treatment, and she will in the future, continue to require additional care and treatment, the exact amount of which is currently unknown and will be determined at trial. Plaintiff Sally Benedict, as the natural parent and guardian is legally responsible to provide for such care and treatment and therefore is entitled to recover for any and all costs associated with this treatment.

54. Plaintiffs are entitled to compensatory and punitive damages, plus costs and attorneys' fees associated with bringing this cause of action.

## COUNT II
## VIOLATION OF CIVIL RIGHTS
## (42 U.S.C. § 1983)
## (All Defendants)

55. Plaintiffs hereby incorporate the preceding paragraphs of the Complaint as if fully set forth herein.

56. At all material times, Mr. Bristol, and Mr. Mroczek were employed by Ansley Public Schools as the Principal and Superintendent, respectively.

57. At all material times hereto, the Ansley School Board of Education consisted of six (6) members elected by the public to act on behalf of Ansley Public Schools.

58. The sexual assault/harassment and discrimination of Jane Doe was so severe, pervasive and objectively offensive that it deprived Jane Doe of access to the educational opportunities and/or benefits provided by Ansley Public Schools, a failure of the Defendants' express obligations under law.

59. Under the Fourteenth Amendment, Jane Doe, had the right as a public school student to personal safety and bodily integrity and the Equal Protection of Laws while on school property and while engaging in school activities and in the classroom.

60. Defendants were at all times relevant herein, state actors acting under the color of state law.

61. Defendants, and each of them, subjected Jane Doe to violations of her right to personal security and bodily integrity and the Equal Protection of Laws by: failing to investigate John Doe's previous threats and misconduct; failing to appropriately discipline John Doe; failing to adequately train and supervise Mr. Bristol and Mr. Mrozch, and manifesting deliberate indifference to the threats of sexual assault and harassment by John Doe.

62. Ansley Public Schools has/had a *de facto* unconstitutional policy and custom which was a proximate cause of harm suffered by Jane Doe. Ansley Public Schools has had a pattern and custom of failing to protect students and teachers from threats of sexual assault and sexual harassment by other students; and despite this knowledge, has failed to take appropriate actions to investigate and to prevent such sexual assaults and harassment. Ansley Public Schools has failed to adequately train and supervise school employees regarding maintaining, preserving and protecting students from violations of their right to personal security, bodily integrity, and the Equal Protection of the Laws.

63. Upon information and belief, Defendants have followed unconstitutional customs and policies with regard to John Doe's misconduct.

64. Defendants' policies and/or practices constituted disparate treatment of females and had a disparate impact on female students.

65. Defendants Bristol, Mroczek, and members of the Board of Education are and were at the time of events complained of within, policymakers for the purpose of implementing Ansley Public School's unconstitutional policies and customs.

66. Defendants' conduct, deliberate indifference to Jane Doe's rights under the Fourteenth Amendment, and failure to act, directly and proximately caused Jane Doe to experience physical pain, extensive and permanent mental and emotional suffering, humiliation and embarrassment, and past and future medical expenses.

67. As a further direct and proximate result of the wrongful acts of Defendants, and each of them, Jane Doe has been required to seek psychological care and treatment, and she will in the future, continue to require additional care and treatment, the exact amount of which is currently unknown and will be determined at trial. Plaintiff Sally Benedict, as the natural parent and guardian is legally responsible to provide for such care and treatment and therefore is entitled to recover for any and all costs associated with this treatment.

68. Plaintiffs are entitled to compensatory and punitive damages, plus costs and attorneys' fees associated with bringing this action.

## COUNT III
## NEGLIGENCE
## (All Defendants)

69. Plaintiffs hereby incorporate the preceding paragraphs of the Complaint as if fully set forth herein.

70. Defendants, and each of them, had a duty to protect the school's students, including Jane Doe, from sexual assault or harassment by other students.

71. Defendants implemented policies related to reporting and investigating sexual abuse and harassment claims (Anti-discrimination & Harassment Policy). Said policies require "thorough" investigation of all complaints.

72. As a minor child with known developmental/mental disabilities, Jane Doe was vulnerable to a foreseeable risk of sexual harassment or abuse.

73. More than one year before Jane Doe's sexual assault, Defendants had knowledge of Jane Doe's disabilities.

74. Defendants were required to provide reasonable measures of protection to safeguard Jane Doe from the risk of sexual assault and harassment while in the classroom or on school grounds, or during school activities.

75. Defendants breached their duty of reasonable care by failing to adequately and thoroughly investigate known threats of sexual abuse and misconduct made by John Doe, failing to discipline John Doe for that misconduct, and failing to protect Jane Doe and other students from John Doe.

76. Defendants' conduct was a direct and proximate cause of the severe and irreparable harm that Jane Doe has suffered and continues to suffer in the form of pain, extensive permanent mental and emotional suffering, humiliation and embarrassment, and past and future medical expenses. These harms are continuing, as Jane Doe continues to suffer from anxiety, fear, nightmares, and other emotional distress.

77. Plaintiffs are entitled to compensatory and punitive damages, plus costs and attorneys' fees associated with this cause of action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, SALLY BENEDICT, Individually and as Guardian for Jane Doe (a Minor), respectfully requests that the Court enter judgment against the Defendants, and each of them, and in favor of Plaintiffs; and to award Plaintiffs money damages to compensate for all harm caused by the Defendants, and each of them, including, but not limited to:

A. Compensatory damages, including for pain and mental suffering and emotional distress experienced in the past and expected to be experienced in the future;

B. Inconvenience;

C. Medical expenses incurred in the past and reasonably certain to be incurred in the future;

D. Punitive damages that are fair and reasonable and will serve to deter Defendants from similar conduct in the future;

E. Pre-judgment and post-judgment interest;

F. Costs of this action;

G. Reasonable attorneys' fees pursuant to law for this action; and

H. For such other and further relief as the Court deems equitable, just, and proper.

## JURY TRIAL DEMAND

Plaintiffs demand a jury trial on all issues.

Respectfully submitted,
SALLY BENEDICT, Individually and on behalf of JANE DOE, a Minor, Plaintiffs

BY: _____
Tony J. Brock, NSBA #20350
BROCK LAW OFFICES, P.C., L.L.O.
5625 O Street, Suite 109
Lincoln, NE 68510
(402) 467-3303
(402) 467-3304 fax
tbrock@brocklawoffices.com
Attorney for Plaintiffs